UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

GABRELLE RIVERA
1967 Aripine Ave,
Bethlehem, PA 18018

        Plaintiff,
vs.                                  Docket No.:

UNITED OF OMAHA LIFE INSURANCE
COMPANY
3300 Mutual of Omaha Plaza,
Omaha, NE 68175

        Defendant.

## COMPLAINT - CIVIL ACTION

Plaintiff, GABRELLE RIVERA, by and through her undersigned counsel hereby files the instant Complaint against Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY, for Defendant's refusal to pay Short Term Disability benefits ("STD") due under an employee benefits plan and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and support thereof avers as follows:

## PARTIES

I.        Plaintiff, GABRELLE RIVERA, is an adult individual who was at all times relevant to this action a citizen of the Commonwealth of Pennsylvania with an address of 1967 Aripine Ave, Bethlehem, PA 18018, and who is and was a beneficiary of the employee welfare benefit plan administered by Defendant as detailed below.

2.        Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY ("United of Omaha") is the underwriter and administrator of STD insurance policy number GUG-060C6PV issued to Plaintiff's current employer (the "Plan") St. Luke's University Hospital System and is

the party obligated to pay benefits and to determine eligibility for the Plan.

3. Defendant, United of Omaha, is an insurance company authorized to transact the business of insurance in the Commonwealth of Pennsylvania.

4. Defendant, United of Omaha, is the Plan administrator and the proper Defendant in this action brought under ERISA seeking benefits under the St. Luke's Health Network, Inc. d/b/a St. Luke's University Health Network ("St. Luke's) short term disabilty Benefit Plan. A copy of the referenced Document is attached as Exhibit "A."

5. The Plan is an employee welfare benefit plan governed by ERISA that provides, short term disability benefits to eligible plan particpants. *Id*.

6. Plaintiff, is and at all times relevant to this Complaint has been, a participant in the Plan, which has numerous participants domiciled within this district.

7. Defendant, United of Omaha, is the Plan's Administrator as those terms are defined in section three of ERISA, 29 U.S.C. § 1002.

8. At all times relevant to this Complaint, St. Luke's Health Network, Inc. d/b/a St. Luke's University Health Network self-funded the Plan's STD benefits and retained Defendant, United of Omaha, to process and adjudicate claims for the Plan's STD benefits program.

## VENUE AND JURISDICTION

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under ERISA and specifically pursuant to 29 U.S.C. §§ 1132 (e)(l) and (t) which give this Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C.§ 1132.

10. At all relevant times Plaintiff resided and the Plan was and is administered within this district in which venue is therefore proper pursuant to 29 U.S.C § 1132 (e)(2).

## ADMINISTRATIVE EXHASUTION

11. Defendant, United of Omaha, granted Plaintiff's claim for STD benefits for the period from May 2, 2025 to July 1, 2025.

12. Defendant denied Plaintiff's ongoing claim for STD benefits by letter dated September 26, 2025, despite ongoing disability, through Novemebr 3, 2025.

13. Plaintiff exhausted her administrative remedies through the filing of an appeal and letter in support dated December 1, 2025.

14. By letter of Decemeber 8, 2025, Plaintiff's internal request for appeal was denied.

15. Plaintiff has administratively exhausted her appeal rights under ERISA.

## FACTUAL ALLEGATIONS

16. Plaintiff was employed by St. Luke's as a staffing registered nurse.

17. At all times relevant to this action, Plaintiff's job position was listed as heavy in terms of physical exertion requirements and required intense concentration, focus, and multitasking.

18. As performed, Plaintiff's position also required her to travel to several of St. Luke's hospital locations as needed and to be and become familiar with new sets of staff and revolving patients with changing medical needs.

19. On May 7, 2025, Plaintiff underwent a cesarean section delivery at a St. Luke's Hospital.

20. At birth, Plaintiff's son, JJ, was diagnosed with fetal renal anomoly, pulmonary hypoplasia and respiratory failure and required immediate transfer for specialized treatment at the NICU at Children's Hospital of Pennsylvania ("CHOP") in Philadelphia, approximately 1.5 hours away from Plaintiff's work and home.

21. Plaintiff's son remained in patient from his birth until late September, at which point he was brought home but continues to require around the clock care.

22. Plaintiff was initially diagnosed with post-partum depression but subsequently developed both depression and anxiety due to the extreme psychological and physical efforts required to attend to her son's needs at CHOP, where she spent every single day from her son's original hospitalization until he returned home.

23. Plaintiff received help from a national charitable organization, the Ronald McDonald House, which provided her accommodation from approximately from May 20 to September 15, 2025 and in fact, sponsored her attendance at an Eagle's game on July 24, 2025 which was a training camp.[1]

24. Plaintiff was diagnosed with anxiety and post-partum depression by Dr. Kyle Haddock, her PCP, on July 30, 2025, due to the fact that her son remained admitted to the CHOP NICU and required continuous time in Philadelphia.

25. Dr. Haddock noted that Plaintiff was experiencing extreme anxiety and depression at that time and was unable to return to work as a result.

26. Dr. Haddock completed and submitted a Behavioral Health Attending Physician Statement on this same date which found Plaintiff unable to perform all essential job functions due to anxiety and depression and indicated a return to work date of September 30, 2025.

27. While attending to her son at CHOP, Plaintiff received treatment from Emily Mariotti, Ph.D., first being seen on August 14, 2025, who summarized her social history as including stressors of JJ's chronic medical illness and managing child's hospitalization.

---

[1] It was not a game but rather a training camp event which she and other families with sick children were invited to, as addressed below.

28. No Mental Status Examination was performed because the visit was a caregiver focused consultation.

29. On Plaintiff's second visit with this provider on August 21, 2025, it was noted that she continued to experience anxiety and stress and she was recommended to receive psychotherapeutic treatment.

30. Plaintiff did not pursue additional treatment because she was placed on a wait list.

31. Plaintiff was seen two more times by this provider, on August 28, 2025 and September 5, 2025, on the latter visit times reporting anxiety, loss of appetite, vomiting loss of concentration and mental frustration from essentially living in the hospital for the prior four months.

32. Plaintiff was seen again by Dr. Haddock on October 31, 2025 in which he noted the following:

> **Assessment & Plan Post partum depression**
> **Anxiety in pregnancy, antepartum (HHS/HCC)**
> - On 05/07/2025 patient was admitted to labor and delivery and is status post low transverse cesarean section. Patient had preterm labor with fetal renal anomaly and patient's infant had extensive admission at Children's Hospital of Philadelphia. She has been having anxiety and postpartum depression while dealing with her infants complications. She was previously prescribed Zoloft and has been taking 50 mg daily. Because of her postpartum depression and her time required in Philadelphia for her son it is caused her extreme anxiety/depression and she has been unable to return to work given the circumstances in her condition. Paperwork has been completed for her in the past and a return to work note was completed for to return to work without restrictions on 11/03/2025.

- She presents to clinic today for follow-up of her anxiety/depression. She has now returned to home and is getting situated with visiting nurses for her son.
- Given her transition back to home she has not been able to continue cognitive behavioral therapy as she was previously receiving therapy sessions through CHOP. She is still on a wait list at St. Luke's to continue behavioral therapy. Without her therapy she has noticed a decline in her mental health in the form of significant anxiety and depression. She is tearful in office today.
- **Given worsening symptoms discussed adjusting her medications while she awaits continued therapy and she was in agreements**. **Will increase her sertraline from 50 mg daily to 100 mg daily and attempt to improve symptoms**.
- Patient also received notification from insurance company that they have denied her short-term disability benefits beyond July 01, 2025.
- **In her denial letter, her insurance company indicates that a teleconference attempts were made to this office on multiple occasions, however, the number that they were trying to contact was the office fax number and so there was no way to receive and complete the communication. Patient was given our office telephone number and fax number for any further communications.**
- **It remains my opinion that patient's severe postpartum depression and antepartum anxiety caused her significant limitations in her ability to perform her job function. I have discussed at previous office visits with patient her notable cognitive dysfunction including difficulties with memory and concentration, difficulties processing tasks and new information, and difficulty making sound clinical judgment due to her severe anxiety/depression. She works in a hospital and these impairments would preclude her from performing her job as it could place other individuals and patients at risk.**

- **Her severe anxiety/depression is also further supported by her physical exam findings today as she has decreased in weight due to nausea and loss of appetite from her depression/anxiety. This has led her to experience fatigue, generalized weakness making it difficult to function in the working environment. It is for these reasons that I believe the patient was unable to perform the essential duties and required disability benefits**

34. Despite the above information having been presented to Defendant as a part of Plaintiff's internal appeal, such information was ignored and the appeal summarily denied.

## COUNT ONE
## CLAIM FOR BENEFITS PURSUANT TO ERISA § 502 (A)(l)(B)

35. Plaintiff incorporates the allegations contained in the prior paragraphs as though fully set forth below.

36. Plaintiff has exhausted her administrative remedies under the Plan and thus all conditions precedent to the filing of this action have been performed or have occurred.

37. Plaintiff was completely disabled from performing the material duties of her job from May 2, 2025 through November 3, 2025.

38. The denial of Plaintiff's claim for benefits was erroneous and contrary to the terms of the plan.

39. Defendants failed to provide Plaintiff with a full and fair review of her claim in violation of §503 of ERISA, 29 U.S.C § 1133, and 29 C.F.R. § 2560.503-1.

40. Under § 502(a)(l)(B) of ERISA, 29 U.S.C § 1132 (a)(l)(b) a civil action may be brought by participant or beneficiary to recover benefits due to her under the terms of the plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the

terms of the plan.

41. As a result of Defendants' denial of Plaintiff's claim for benefits and subsequent upholding of that decision and refusal to overturn it, there exists an actual case in controversy between the parties entitling Plaintiff to a declaration of rights clarifying the benefits to which she is entitled under the plan.

WHEREFORE, Plaintiff requests that this Court enter judgement in her favor and against Defendants and award her all past due STD benefits with interest, in addition to pre-judgment interest on all benefits that have accrued prior to the date of judgement; a reinstatement of Plaintiff's STD benefits prospectively subject to the terms of the plan; and an award to Plaintiff of her reasonable attorney's fees pursuant to 29 U.S.C. § 1132 (g) and all such other relief as the Court deems just, necessary, equitable, and proper.

MESHKOV & BRESLIN

By: *Adam Meshkov*
 ADAM D. MESHKOV, ESQUIRE
*Attorney for Plaintiff*
830 Lehigh Street
Easton, PA 18042
adm@meshkovbreslin.com
(T) 610.438.6300/ (F) 610.438.6304

Case 5:26-cv-01230    Document 1    Filed 02/25/26    Page 9 of 9